```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :
UNITED STATES OF AMERICA                          :
                                                  :
             -v-                                  :      98 Cr. 185 (JPC)
                                                  :
ALBERTO RAPOSO,                                   :      ORDER
                                                  :
                        Defendant.                :
                                                  :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of a letter from Defendant Alberto Raposo, dated June 21, 2021 but docketed on June 28, 2021, Dkt. 82, requesting that the Honorable Laura T. Swain appoint "new CJA counsel" to "represent [Defendant] on a compassionate release motion." Dkt. 82. Upon receipt of Defendant's June 21, 2021 letter, this case was reassigned to the undersigned.

Pursuant to the Criminal Justice Act ("CJA"), the Court may appoint counsel "for any financially eligible person" when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel, "courts in the Second Circuit 'consider the same factors as those applicable to requests for pro bono counsel made by civil litigants,' including 'the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case.'" *Lopez-Pena v. United States*, No. 05 Cr. 191 (DC), 2020 WL 4450892, at *1 (S.D.N.Y. Aug. 3, 2020) (quoting *Jerez v. Bell*, No. 19 Civ. 2385 (CM), 2019 WL 1466899, at *4 (S.D.N.Y. Apr. 2, 2019)); *see Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171-72 (2d Cir. 1989).

Courts are not obligated "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969). Instead, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Id.*

Raposo has not provided any detail about the basis for his anticipated motion for compassionate release. The Court is thus unable to assess the factors outlined above at this time, including whether there is a likelihood that Raposo can show any "extraordinary and compelling" reasons that would warrant his early release from prison. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see Lopez-Pena*, 2020 WL 4450892, at *1 ("In the absence of any specific allegations as to [the defendant's] particular circumstances, . . . conclusory statements about general prison conditions are insufficient to demonstrate whether his compassionate release motion has any merit or likelihood of success.").

Accordingly, the Court denies Raposo's motion for appointment of counsel without prejudice. Raposo may file another application for appointment of counsel that provides specific, concrete arguments regarding why he is entitled to compassionate release.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Defendant Alberto Raposo to the address listed in Docket Number 82.

SO ORDERED.

Dated: June 30, 2021
New York, New York

JOHN P. CRONAN
United States District Judge