```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
            -v-                                                   :    98 Cr. 185 (JPC)
                                                                  :
ALBERTO RAPOSO,                                                   :    OPINION AND ORDER
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On June 5, 1994, Defendant Alberto Raposo set fire to a Manhattan building after a fight with his roommates. Waiting until his roommates were inside, Raposo ignited fires in front of the building's front door and in the subcellar, lobby, and second and fourth floors. Dkt. 86-5 ("PSR") ¶¶ 9-13. He then poured oil on the stairs and on the fire escapes, locked the front door even though he had the only key, and removed wires to disable the building's fire alarm. *Id.* ¶¶ 11-13. Miraculously, Raposo's roommates survived, but New York City Fire Department Lieutenant George Lener died from carbon monoxide poisoning after he bravely responded to the scene. *Id.* ¶ 16.

Following a jury trial, Raposo was found guilty on February 9, 1999, of committing arson of property used in interstate commerce, with death resulting. *Id.* ¶¶ 1-2; *see* 18 U.S.C. § 844(i). On June 8, 1999, the Honorable Deborah A. Batts sentenced Raposo to 524 months of imprisonment followed by five years of supervised release. Dkt. 91-1 ("Sentencing Tr.") at 19:20-25. Raposo is currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut, with a projected release date of June 13, 2033. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Nov. 24, 2025).

This case was reassigned to the undersigned on June 18, 2021. Dkt. 81. On August 11, 2022, and again on March 7, 2023, Raposo moved for a sentence reduction pursuant to 18 U.S.C § 3582(c)(1)(A)(i). Dkts. 86, 104. The Court denied both motions after concluding that Raposo failed to establish extraordinary and compelling reasons for a sentence reduction, and further that a reduction of Raposo's sentence was unwarranted in light of the factors listed at 18 U.S.C. § 3553(a). *See United States v. Raposo ("Raposo I")*, No. 98 CR. 185 (JPC), 2023 WL 142786, at *5-8 (S.D.N.Y. Jan. 10, 2023); *United States v. Raposo ("Raposo II")*, No. 98 CR. 185 (JPC), 2024 WL 165195, at *5-11 (S.D.N.Y. Jan. 16, 2024).

Raposo filed a third motion for a sentence reduction pursuant to Section 3582(c)(1)(A) on November 14, 2024. Dkt. 121. For largely the same reasons articulated in *Raposo I*, 2023 WL 142786, at *7-8, and *Raposo II*, 2024 WL 165195, at *9-11, the Court denies Raposo's latest motion. Even if Raposo could show "extraordinary and compelling reasons" meriting his early release, *see* 18 U.S.C § 3582(c)(1)(A)(i),[1] a sentence reduction remains unwarranted in light of the Section 3553(a) factors. Indeed, nothing in Raposo's latest motion alters the Court's previous conclusions that the "nature and circumstances" of Raposo's offense, *id.* § 3553(a)(1), as well as the needs for the sentence "to afford adequate deterrence," *id.* § 3553(a)(2)(B), "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A), strongly counsel against reducing the sentence that Judge Batts

---

[1] To be clear, the Court does not suggest that Raposo has shown "extraordinary and compelling reasons" for purposes of Section 3582(c)(1)(A)(i). To the contrary, in its prior Opinions the Court explained why many of the reasons cited by Raposo in his instant motion fall short. *See Raposo II*, 2024 WL 165195, at *6-7 (length of Raposo's sentence), *7 (Raposo's age at the time of the offense), *8-9 (Raposo's rehabilitation while incarcerated); *Raposo I*, 2023 WL 142786, at *5-6 (the COVID-19 pandemic), *7 (Raposo's rehabilitation while incarcerated). But because a sentence reduction plainly remains unwarranted under the Section 3553(a) factors, the Court need not discuss these issues again.

imposed.  Raposo ignited a massive, uncontrollable fire, and then took further steps to make it difficult to escape that fire while his roommates were inside.  PSR ¶¶ 11-13; *see* Sentencing Tr. at 18:6-13.  Because of Raposo's actions, a firefighter of fifteen years, a husband, and a father of three young children lost his life.  PSR ¶¶ 20-21; *see also* Sentencing Tr. at 9:1-2 ("Arson always includes the inherent risk that life will be lost.").  So although Raposo was young when he committed his crime, received a lengthy sentence for his offense, and appears to have made the most of his time in custody by engaging in rehabilitation efforts, the Court remains convinced that a sentence reduction is not warranted.  *See also Raposo I*, 2024 WL 142786, at *8 (noting "that Judge Batts specifically took into account the possibility of Raposo's continued rehabilitation and ensured that the sentence would allow him to receive a benefit from any rehabilitation").

Accordingly, Raposo's motion for compassionate release is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, so *in forma pauperis* status is denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to close Docket Number 121 and to mail a copy of this Opinion and Order to Raposo and note that mailing on the docket.

    SO ORDERED.

Dated: November 25, 2025
       New York, New York

                                      JOHN P. CRONAN
                              United States District Judge